UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EVELYN PASWALL,

                      Plaintiff,

    -against-

APPLE INC.,

                      Defendant.
-------------------------------------------------------------------X

**COMPLAINT**

CV 12-1378

PLAINTIFF DEMANDS TRIAL BY JURY

SPATT, J.

Plaintiff, by her attorneys, DEREK T. SMITH LAW GROUP, P.C., upon information and belief complain of the defendant herein as follows:

SUMMONS ISSUED

1. That at all times herein mentioned, plaintiff, EVELYN PASWALL, was and still is a resident of the County of Queens, State of New York.

2. Plaintiff, EVELYN PASWALL is an 83 year old woman.

3. That at all times herein mentioned, defendant, APPLE INC., was and still is a foreign business corporation duly organized and existing by virtue of the laws of the State of California.

4. That Defendant maintains a store at 1900 Northern Boulevard, Manhasset, NY 11030.

5. Jurisdiction of this action is conferred upon this court as this action as there exists complete diversity of citizenship and in the matter in controversy exceeds the sum of $75,000.

6. Venue is proper in that the causes of action arose in the Eastern District of New York.

7. The following is a picture of the front of the subject store:



8. As can be seen, the store has a completely clear front entrance and wall.

9. That on or about December 13, 2011, the 83 year old Plaintiff EVELYN PASWALL was caused and allowed to sustain personal injuries due to the dangerous glass doors at the Manhasset APPLE INC. store location of 1900 Northern Boulevard, Manhasset, NY 11030.

10. Planning to return her iPhone to the Manhasset APPLE INC. store, Plaintiff EVEYLYN PASWALL walked directly into the clear glass doors at the Defendant APPLE INC.'s Manhasset location and fractured her nose.

11. That at all times herein mentioned, Defendant APPLE INC. owned the aforementioned premises.

12. That at all times herein mentioned, Defendant APPLE INC. managed the aforementioned premises.

13. That at all times herein mentioned, Defendant APPLE INC. controlled the aforementioned premises.

14. That at all times herein mentioned, Defendant APPLE INC. maintained the aforementioned premises.

15. That at all times herein mentioned, Defendant APPLE INC. inspected the aforementioned premises.

16. That at all times herein mentioned, Defendant APPLE INC. repaired the aforementioned premises.

17. Plaintiff EVELYN PASWALL's injuries were due solely to the negligence of the defendant without any contributory negligence on the part of the plaintiff herein.

18. That the defendant were negligent in the ownership, management, control, maintenance, inspection and repair of the aforesaid premises; in failing to maintain said area in a safe condition for those lawfully using same; in that said condition remained at a time when the defendants, its agents, servants, and/or employees knew of should have known that an incident, such as the instant incident, would take place; in creating the hazardous condition; in allowing the dangerous condition to remain without remedying same; in not warning persons thereat of the dangerous condition then and there existing; in failing to post a warning of the hazardous condition; in allowing a clear, see-through glass wall and/or door to exist without proper warning; and in causing the plaintiff to sustain serious personal injury.

19. Defendant APPLE INC., its agents, servants, employees and/or licensees in the ownership, operation, maintenance, control repair and inspection of the subject glass doors; in failing to take those steps necessary to avoid the accident herein without any contributory negligence on the part of the plaintiff herein. APPLE INC. was negligent in failing to properly maintain the glass doors and in failing to follow the applicable

Laws of the State of New York.

20. That by reason of the foregoing, Plaintiff EVELYN PASWALL, was severely and seriously injured; suffered and will continue to suffer pain and injury; has become sick sore, lame and disabled and upon information and belief, will be permanently injured; that she has been compelled to spend sums of money and incur liability for medical care and treatment and, upon information and belief, will be required to spend and incur liability therefore in the future.

WHEREFORE, Plaintiff, EVELYN PASWALL, demands judgment against the defendant in an amount to be determined at the time of trial in excess of the jurisdiction of all lower courts, together with the costs and disbursements of this action and such other, further and different relief as to this Court may seem just and proper.

Dated: New York, New York
February 24, 2012

Respectfully Submitted,

DEREK T. SMITH LAW GROUP, P.C.
*Attorneys for Plaintiff(s)*

DEREK T. SMITH, ESQ.
30 Broad Street, 35th Floor
New York, New York 10004
(212) 587-0760